# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLIFTON R. CLARK SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1016**  (BOR Appeal No. 2051329)
                              (Claim No. 990056022)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**US STEEL MINING COMPANY, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Clifton R. Clark Sr., by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Clark's request for authorization of physical therapy. On December 16, 2014, the claims administrator denied Mr. Clark's request for authorization of physical therapy. The Office of Judges affirmed the claims administrator's decision on May 16, 2016. This appeal arises from the Board of Review's Final Order dated September 29, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Clark sustained a lower back injury on February 18, 1999, during the course of his employment as a utility man with US Steel Mining Company.[1] On April 1, 1999, Mr. Clark's claim for workers' compensation benefits was held compensable for a lumbosacral sprain. Following the injury, he received regular, ongoing treatment for chronic cervical spine pain, chronic lumbar spine pain, radiculopathy, and other conditions at Bluestone Healthcare Associates. In a December 8, 2014, office visit at Bluestone Healthcare Associates, Mr. Clark was diagnosed with osteoarthritis, lumbago, intervertebral disc degeneration, peripheral neuropathy, and chronic pain. Additionally, a course of physical therapy was recommended. On December 16, 2014, the claims administrator denied the request for authorization of physical therapy based upon its finding that none of Mr. Clark's most recent diagnoses are compensable components of the instant claim.

In its Order affirming the December 16, 2014, claims administrator's decision, the Office of Judges held that the instant request for authorization of physical therapy is not medically necessary or reasonably required for the treatment of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 29, 2016. On appeal, Mr. Clark asserts that the evidence of record clearly demonstrates that the requested physical therapy is necessary for the ongoing treatment of the compensable February 18, 1999, injury.

The Office of Judges found that the December 8, 2014, evaluation during which Mr. Clark's diagnoses were listed as osteoarthritis, lumbago, intervertebral disc degeneration, peripheral neuropathy, and chronic pain appears to be the basis for the requested physical therapy presently at issue. The Office of Judges then found that the evidence of record demonstrates that Mr. Clark's current symptomology is not related to the compensable lumbosacral sprain.[2] Finally, the Office of Judges noted that additional treatment aimed at treating the compensable lumbosacral sprain would far exceed the treatment guidelines contained within West Virginia Code of State Rules § 85-20 (2006). We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[1] The evidentiary record does not detail the specific circumstances of the injury.

[2] In an Order dated July 17, 2015, the Office of Judges affirmed the denial of a request for authorization of a lumbar spine MRI based upon its finding that Mr. Clark's current symptomology is not related to the compensable lumbosacral sprain. The denial of Mr. Clark's request for authorization for a lumbar spine MRI was not appealed to this Court.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker